UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW HIIPAKKA, *Pro Se*, | ) | Case No.: 4:26 CV 642 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WILLIAM MARSHALL III, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro Se* Plaintiff Andrew Hiipakka, a federal prisoner currently incarcerated in FCI Elkton, brings this action under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, to challenge the Warden's decision to restrict his access to email in TRULINCS due to the nature of his crimes and his risk to the safety of the community if he were granted email access. He claims that the Bureau of Prisons ("BOP") only has statutory authority to consider risks he may pose within the prison, but has no statutory authority to consider risks he may pose to the community. He further asserts that he has a statutory right to email which the prison cannot completely restrict. He claims that limiting his use of TRULINCS email was arbitrary and capricious, and an abuse of discretion. He asks this Court to declare that inmates have an implicit right to email access, and declare that the BOP has no statutory authority to consider the safety of the community when implementing its policies. He asks the Court to rescind P.S. 4500.12(14.9)(a)(1), and order the FCI Elkton Warden and the BOP to grant him access to the TRULINCS email system in the prison.

**Factual and Procedural Background**

The BOP allows inmates to have limited access to computer services through the Trust Fund Limited Inmate Computer System ("TRULINCS").[1]  United States Dept. of Just., Fed. Bureau of Prisons, Program Statement 4500.12, § 14.2 pg. 126.  Although inmates do not have access to the internet, they are able to use TRULINCS to monitor their inmate trust accounts, send internal communications to prison staff, and to use messaging services, including email, to communicate with others outside of the prison.  By participating in the TRULINCS program, inmates consent to having all of their activity, including emails and transactional data monitored and restricted by prison personnel.  *Id.*  Emails can be rejected by prison staff if they are deemed to jeopardize the safety of the institution or the public.  *Id.*  Furthermore, inmate use of TRULINCS is a privilege and the Warden or Associate Warden may deny an inmate access to all or any part of it.

The BOP encourages Wardens to provide inmates with access to TRULINCS terminals due to its self-service nature.  *Id.* at § 14.9, pg. 130.  An exception to this approach is carved out for public messaging services, such as email, as these involve communication with persons in the community and allow the possibility for continued criminal activity, or activity that may jeopardize the safety and security of the institution.  *Id.*  The inmate's exclusion from participation in the email portion of TRULINCS is determined by his or her individual history of behavior.  *Id.*

With regard to sex offenders, Program Statement 4500.12 provides in relevant part:

> (1) **Sex Offenders**.  Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email, or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction.

---

[1]     *See* https://www2.fed.bop.gov/

2

*Id.* To aid in this assessment, Program Statement 4500.12 provides:

> As a method of identifying these inmates, staff responsible for local sex offender management should review inmates with SENTRY CMA Walsh Assignments of Certified, With Conviction, and No Conviction, to determine if their participation in the Public Messaging Service poses a realistic threat. TRULINCS automatically applies a temporary restriction on inmates' accounts with the above SENTRY CMA Walsh Assignments. These restrictions may be over-written when deemed appropriate by staff responsible for local sexual offender management and approved by the Warden.

*Id.* Program Statement 4500.12 does not categorically exclude sex offenders from TRULINCS email services. Instead, BOP officials dedicated to sex offender management individually review every inmate for access to TRULINCS services. *Id.* The Warden has discretion to grant access to sexual offenders in non-threatening cases. *Id.*

Plaintiff alleges that he has been denied access to TRULINCS email services based on the criminal behavior that led to his conviction. In 2014, Plaintiff was charged in the United States District Court for the District of South Dakota with attempted enticement of a minor using the internet, transfer of obscene material to a minor, distribution of child pornography and possession of child pornography. *United States v. Hiipakka*, No. 5: 14 CR 50071 (D.S.D. Dec. 4, 2015). He entered into a plea deal in which he agreed to plead guilty to attempted enticement of a minor using the internet, in exchange for the dismissal of the other charges in the indictment. He is serving a sentence of 300 months incarceration followed by a life time term of supervised release. As a condition of his supervised release, he "shall not have any access to the internet or any technology capable of displaying adult or child pornography or any access to any technology which allows [him] to communicate with children for any purpose or with adults engaging in prohibited activities or images." *Id.* (Doc. No. 92 at PageID #: 491). Based on this information, the FCI Elkton Warden

3

determined that allowing Plaintiff to have access to email while in prison posed too great a risk to the community and the institution and imposed the email restriction.

Plaintiff objects to this determination.  First, he claims that 18 U.S.C. § 4042(a), which provides in pertinent part:

> (a) In general.--The Bureau of Prisons, under the direction of the Attorney General, shall--
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States; ...

only permits the BOP to make decisions to protect federal inmates.  He contends the statute does not permit the BOP to make decisions to protect the community.

Second, Plaintiff claims inmates have an implicit statutory right to email access under 18 U.S.C. § 3632(d)(3).  This statue provides:

> (3) Additional policies.--The Director of the Bureau of Prisons shall develop additional policies to provide appropriate incentives for successful participation and completion of evidence-based recidivism reduction programming. The incentives shall include not less than 2 of the following:
>
> (A) Increased commissary spending limits and product offerings.
> (B) Extended opportunities to access the email system.
> (C) Consideration of transfer to preferred housing units (including transfer to different prison facilities).
> (D) Other incentives solicited from prisoners and determined appropriate by the Director.

4

18 U.S.C.A. § 3632 (West).  Plaintiff asserts that statute's use of the phrase "extended opportunities to access email" implies an existing right to email access for all inmates that can be expanded.

Finally, Plaintiff claims that the Warden's denial of email access was arbitrary and capricious.  He claims that a large portion of the inmates who are restricted from email are sex offenders.  He states that restricting him from email therefore exposes him as a sex offender to other members of the prison population.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant

unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

The Administrative Procedure Act ("APA") empowers a court only to compel an agency to perform a ministerial or non-discretionary act.  *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).  It does not apply if "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), or if the agency action in question is one that is "committed to agency discretion by law," 5 U.S.C. §701(a)(2).  Congress granted the BOP the authority to "have charge of the management and regulation of all Federal penal and correctional institutions." 18 U.S.C. § 4042(a)(1).  The absence of specific guidelines means that the BOP has broad discretion in fulfilling its responsibilities and implementing § 4042.  *See Sebolt v. LaRiva,* No. 215CV00353WTLMPB, 2017 WL 2271441, at *6 (S.D. Ind. May 23, 2017)(stating that the BOP has broad discretion to implement § 4042).  Because the BOP has broad discretion in how it manages and regulates federal prisons, including the TRULINCS program, the decision to deny him email access is not subject to judicial review.  Moreover, Congress clarified unambiguously that the APA's judicial review provisions, 5 U.S.C. §§ 701-706, do not apply to the making of any determination, decision, or order under the subchapter governing imprisonment of convicted persons. 18 U.S.C. §§ 3625; 3621-3626.  Therefore, this claim necessitating review of the Warden's decision is precluded by statute.  Judicial review of the BOP's decision to deny Plaintiff access to TRULINCS email is not subject to review.  5 U.S.C. § 701(a)(1) and (2).

Courts may review BOP action or policy that violates the Constitution. *See Myers v. Williams*, 2015 WL 13735447, at *5 (N.D.W. Va. Oct. 19, 2015) (citing *Webster v. Doe*, 486 U.S. 592 (1988); *Turner v. Safley*, 482 U.S. 78, 84 (1987); *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)).  Prisoners, however, have no constitutional right to access email. *Grayson v. Fed. Bureau of Prisons*, 2012 WL 380426, at *3 (N.D.W. Va. Feb. 6, 2012); *Hower v. Stewart*, 2018 WL 4384150, at *8 (D. Md. Sept. 14, 2018)(collecting cases). The BOP's guidelines are internal agency guidelines, which are not subject to the rigors of APA. *Rice v. Hogsten*, 2014 WL 4656119, at *5 (S.D.W. Va. Sept. 16, 2014). Plaintiff has failed to state a claim upon which relief could be granted.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED**.**

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 6, 2026

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.